Jimmie Lou **FREEMAN**

v.

**THUNDER BAY TRANSPORTATION COMPANY, INC.**

Civ. A. No. 89–702–B.

United States District Court, M.D. Louisiana.

April 18, 1990.

James A. George, George & George, Ltd., Sandrea L. Everett, Baton Rouge, La., for plaintiff.

Charles M. Steen, Trial Atty., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant.

## RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

POLOZOLA, District Judge.

On June 16, 1988, Jimmie Lou Freeman was employed as a seaman aboard the M/V CENTRAL, a vessel owned and operated by Thunder Bay Transportation Company, Inc. ("Thunder Bay"). Freeman was injured when she was thrown from her bunk while sleeping when the M/V CENTRAL lost rudder control and ran aground at Mile 168 of the Upper Mississippi River. As a result of the accident, plaintiff received injuries to her shoulder and neck and has allegedly incurred over $23,000 in medical expenses.

Freeman has filed this suit against Thunder Bay asserting claims under the Jones Act,[1] and unseaworthiness under General Maritime Law. In addition, she alleges claims pursuant to General Maritime Law for maintenance and cure, as well as compensatory and punitive damages for the arbitrary and capricious withholding of maintenance and cure. Freeman has now filed this motion for partial summary judgment on the issue of maintenance and cure.

### 1. Maintenance and Cure

■ Summary judgment is appropriate when the court determines there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.[2] [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.[3]

After the initial showing of the basis for its motion, the party who has the burden of proof at the trial has the responsibility to present evidence supporting its contentions.[4] Since Freeman has the burden of proof regarding her entitlement to maintenance and cure at the trial, she also bears the burden of proof on this motion for summary judgment. To recover maintenance and cure, Freeman must show:

(a) [her] engagement as a seaman,

(b) [her] illness or injury, that it occurred, was aggravated or manifested itself while in the ship's service,

(c) the wages to which [she] may be entitled to the end of the voyage, and

(d) the expenditures or liability incurred by [her] for medicines, nursing care, board and lodging, etc.[5]

Furthermore, Freeman's right to recover for maintenance and cure is broad and the burden of proof is a relatively light since recovery is not dependent on the negligence or fault of the vessel or its owner.[6]

---

1. 46 U.S.C.App. § 688.

2. Fed.R.Civ.P. 56(c).

3. *Celotex Corp. v. Catrett*, 477 U.S. 317 at 323, 106 S.Ct. 2548 at 2553, 91 L.Ed.2d 265 (1986).

4. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

5. M. Norris, The Law of Seaman § 26.21, at 53 (4th ed. 1985).

6. Id. at § 26.21.

■ In her statement of material facts as to which there is no issue ("Statement of Material Facts") [7] which was filed with her motion for summary judgment, Freeman asserts that she was a Jones Act seaman employed by Thunder Bay, assigned to the M/V CENTRAL, and injured in the vessel's service. She also asserts that Thunder Bay has refused to pay for the majority of her medical treatment and that Thunder Bay has failed to pay current maintenance with the exception of two checks. Thunder Bay has neither opposed the motion for partial summary judgment nor has it specifically denied the facts as set out in Freeman's statement of material facts. Therefore, these facts are deemed admitted for the purposes of this motion pursuant to Uniform Louisiana Local Rule 2.10M. Freeman's statement of material facts satisfies her burden of proof that she was a seaman employed by Thunder Bay who was injured in the service of the M/V CENTRAL. Since these facts are deemed admitted, no genuine issue of material fact exist as to these issues and Freeman is entitled to maintenance and cure from Thunder Bay as a matter of fact and law.

■ The plaintiff must also prove the amount of her wages and the medical expenses she has incurred. Freeman's statement of material facts is silent as to the amount any wages Freeman may be entitled to receive, the amount of medical expenses not paid for by Thunder Bay, and the amount of maintenance already received. Freeman's memorandum of authorities in support of motion for partial summary judgment on the issue of maintenance and cure (the "Memorandum") provides a complete listing of medical bills and an alleged oral representation by an officer of Thunder Bay as to maintenance. However, it is unclear what amount, if any, has been already paid by Thunder Bay. Furthermore, the memorandum contains only arguments and the record is devoid of any evidence supporting the amounts alleged in the memorandum. Freeman does not point out any pleadings, depositions, answers to interrogatories, admissions on file, affidavits,[8] or documentary evidence supporting these claims. In fact, the scheduling order requires discovery to be completed by June 21, 1990 and the status report filed jointly by the parties on December 18, 1989 indicates that substantial discovery is still required and would take approximately four months. This motion was filed December 21, 1989 and Freeman has not supplemented the motion with any evidence since that time.

Summary judgment is proper "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." [9] Furthermore, summary judgment is appropriate where the evidence would require a directed verdict.[10] The plaintiff has failed to present any evidence regarding the proper amount of maintenance and cure. It cannot be said that Freeman "is entitled to a judgment as a matter of law." In summary, the Court finds that Freeman is entitled to maintenance and cure from Thunder Bay but the Court cannot determine the appropriate amount of maintenance and cure without more evidence in the record.

2. Compensatory and Punitive Damages

■ Freeman also claims compensatory and punitive damages as a result of Thunder Bay's failure to timely pay maintenance and cure. In *Morales v. Garijak, Inc.,* 829 F.2d 1355 (5th Cir.1987), the court explained the Fifth Circuit set forth its standard which must be satisfied before compensatory and punitive damages may be awarded for failure to timely pay maintenance and cure:

Upon receiving a claim for maintenance and cure, the shipowner need not immediately commence payments; he is entitled to investigate and require corroboration of the claim. If, after investigating, the shipowner unreasonably re-

---

7. See the Appendix.

8. See Fed.R.Civ.P. 56(c).

9. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 at 250, 106 S.Ct. 2505 at 2511, 91 L.Ed.2d 202 (1986).

10. *Id.,* 477 U.S. at 251, 106 S.Ct. at 2512–13.

jects the claim, when in fact the seaman is due maintenance and cure, the owner becomes liable not only for maintenance and cure payments, but also for compensatory damages. These are damages that have resulted from the failure to pay, such as aggravation of the seaman's condition, determined by the usual principles applied in tort cases to measure compensatory damages.

If the shipowner, in failing to pay maintenance and cure, has not only been unreasonable but has been more egregiously at fault, he will be liable for punitive damages and attorney's fees. We have described this higher degree of fault in such terms as callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent. Thus, there is an escalating scale of liability: a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages. If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees as well.[11]

Freeman failed to offer any evidence to support her allegations that Thunder Bay was unreasonable. The court in *Morales* also stated:

A failure to pay maintenance and cure due an injured seaman is reasonable if a diligent investigation indicates that the seaman's claim is not legitimate or if the seaman does not submit medical reports to document his claim.[12]

Freeman failed to offer any evidence tending to show that an investigation was not made or that the results of any such investigation indicated a legitimate claim. Neither has she shown that medical reports were submitted documenting her claim. Freeman alleges in her Memorandum that payment of maintenance was agreed to by an officer of Thunder Bay but was only sporadically paid. In addition, she asserts that Thunder Bay has either refused to pay her medical expenses or having agreed to pay them, has failed to send checks without any excuse or explanation. However, there is no evidence in the record to substantiate these allegations.

Freeman also fails to show there are no genuine issues of fact concerning punitive damages and attorney's fees. In summarizing the relevant case law, the *Morales* court states:

Courts have found such egregious conduct when the shipowner failed to conduct any investigation into the seaman's claim, withheld payments despite discovering through an investigation that the payments were due, rejected a documented claim because the seaman did not consult the owner before seeking treatment for his injury and because the seaman had filed suit, or withheld payments on a pretextual basis or because the seaman rejected a settlement offer.[13]

As with the issue of compensatory damages, Freeman does not provide any evidence to support the allegations in her complaint. Thus, summary judgment on the issues of compensatory and punitive damages must be denied.

In conclusion, the Court finds that Freeman is entitled to maintenance and cure. However, the amount of maintenance and cure cannot be determined from the record. The Court denies Freeman's motion regarding compensatory and punitive damages because there is no evidence in the record at this time to support such claims.

Therefore:

IT IS ORDERED that Freeman's motion for partial summary judgment be granted to the extent that the Court finds she is entitled to maintenance and cure. In all other respects, plaintiff's motion for summary judgment is DENIED.

---

**11.** *Morales,* 829 F.2d at 1358.

**12.** *Id.* at 1360.

**13.** *Id.* at 1360–61.