619 So.2d 879 (1993)
Larry Eugene THURMAN, Plaintiff-Appellee,
v.
PATTON-TULLY TRANSPORTATION COMPANY, Defendant-Appellant.
No. 92-1019.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*880 James A. George, Baton Rouge, for Larry Eugene Thurman.
David M. Flotte, New Orleans, for Patton-Tully Transp. Co.
Before DOMENGEAUX, C.J., and YELVERTON and SAUNDERS, JJ.
DOMENGEAUX, Chief Judge.
Patton-Tully Transportation Company, defendant in this Jones Act and general maritime law suit, appeals from a judgment compelling it to pay maintenance and cure to the plaintiff, Larry Eugene Thurman. For the following reasons, we find that the plaintiff is not entitled to the relief granted at this stage of the proceedings, and we therefore reverse.
Larry Eugene Thurman, crew member of the M/V KATE TULLY, filed suit alleging he injured his back and an eye after a fellow seaman assaulted him on board the vessel. His petition alleged employer negligence under the Jones Act, unseaworthiness of the M/V KATE TULLY, and entitlement to maintenance and cure payments. In its answer, Patton-Tully asserted several defenses to the maintenance and cure claim, including (1) Thurman's injury was the result of his own willful misconduct in voluntarily engaging in a wrestling match; (2) Thurman forfeited any right to maintenance and cure because of his refusal to submit to an independent medical exam; and (3) Thurman had reached the point of maximum medical improvement.
Thurman was injured on February 13, 1991. He underwent an L5-S1 discectomy on October 15, 1991, and he was released to light duty employment on January 14, 1992. Patton-Tully paid Thurman maintenance and cure from the date of injury through December of 1991, when Patton-Tully determined that Thurman had reached maximum medical cure. Patton-Tully refused to pay any medical expenses associated with a second surgical procedure that was performed on February 28, 1992, or for any further maintenance payments.
On June 5, 1992, Thurman filed a "Motion to Compel Defendant to Pay Maintenance and Cure." Patton-Tully filed a memorandum objecting to the plaintiff's motion on the grounds that this procedural vehicle would eliminate Patton-Tully's right to a jury trial on the defenses alleged and that the motion was premature because discovery was not complete. In its opposition memorandum, Patton-Tully specifically noted that the plaintiff had not yet been deposed and that responses to its interrogatories and requests for production of documents were still outstanding.
Attached to Thurman's motion were copies of medical bills associated with the second surgery and a medical report of Dr. Tewfick E. Rizk, who stated that Thurman's condition was related to his injury in February of 1991. At the hearing on the motion, the only evidence introduced by the plaintiff was a letter from Dr. Rizk in which he detailed the communications he had with the attorneys and an adjuster before Thurman's second surgery. After a hearing, the trial court ruled in Thurman's favor, compelling Patton-Tully to commence maintenance and cure payments. The trial judge stated that the defendant's payment for the first surgery was not a waiver of any defenses and that the questions of willful misconduct and whether the second surgery was necessary would be determined later at trial.
The trial court judgment ordering the defendant to pay maintenance and cure, yet deferring the decision of any defenses to trial on the merits, is appealable as an interlocutory judgment which causes irreparable harm. La.C.C.P. art. 2083. However, *881 the plaintiff argues that the defendant has lost its right to appeal the judgment because it failed to file an exception of unauthorized use of summary proceedings before the hearing. We reject this argument. The defendant's opposition memorandum filed into the record is replete with objections to the disposition of this matter in summary proceedings, as discussed above. The question was briefed and argued before the trial court, and the trial court specifically ruled that the use of summary procedure was proper in this case.
Maintenance and cure can be decided during the pendency of litigation, but in such cases, the question usually arises in the context of a motion for summary judgment. See Freeman v. Thunder Bay Transportation Co., Inc., 735 F.Supp. 680 (M.D.La.1990). Regardless of the label attached to the plaintiff's motion, to recover maintenance and cure the plaintiff must show the following: engagement as a seaman; illness or injury that occurred, or was aggravated, or manifested itself while in the ship's service; the rate of wages; and expenditures for medicines, nursing care, board and lodging, etc. Freeman. The plaintiff's willful misconduct is a recognized defense, although it is rarely seen. 1B Benedict on Admiralty, § 45. The payment of maintenance and cure prior to suit does not constitute a waiver of any defenses which might be asserted. Hokanson v. Maritime Overseas Corp., 1974 AMC 948 (E.D.La.1974). When maintenance and cure terminates is a question of fact to be determined on the evidence presented.
The record before us contains no evidence as to the facts of the plaintiff's alleged accident. There is also scant information on the plaintiff's medical condition and the need for the second surgery. We find that the trial court erred in ruling in the plaintiff's favor before discovery revealed the facts pertinent to the defenses of willful misconduct and maximum medical cure.
We recognize that the plaintiff's burden of proof in a claim for maintenance and cure is relatively light and that the few defenses to this cause of action are rarely maintained. However, Patton-Tully is entitled to have its alleged defenses decided on the merits after full discovery. At the hearing, the trial court expressed concern that any defendant could delay payment of maintenance and cure by simply alleging willful misconduct as a defense. However, it is to be remembered that the general maritime law protects seamen from such conduct. Should the defendant ultimately be found to have unreasonably denied the claim, then the defendant may be liable for compensatory damages in addition to maintenance and cure. If the defendant's conduct is further found to be arbitrary and capricious, then the defendant is subject to the additional penalty of punitive damages. Morales v. Garijak, Inc., 829 F.2d 1355 (5th Cir. 1987).
At this stage of the proceedings, the judgment in plaintiff's favor on the question of maintenance and cure is premature. The plaintiff may wish to file a motion for summary judgment upon completion of discovery, should he feel that the evidence reveals the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. La.C.C.P. art. 966.
For the above reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to plaintiff-appellee, Larry Eugene Thurman.
REVERSED AND REMANDED.