634 So.2d 1363 (1994)
Chad Bernard BOURQUE, Plaintiff-Appellee,
v.
NORMAN OFFSHORE PIPELINES, INC., Defendant-Appellant.
No. 93-891.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Edward John Marquet, for Chad Bernard Bourque.
W. Gerald Gaudet, Robert Michael Kallam, for Norman Offshore Pipelines, Inc.
Before GUIDRY, LABORDE and THIBODEAUX, JJ.
LABORDE, Judge.
Defendant, Norman Offshore Pipelines, Inc., appeals a lower court ruling reinstating payment of maintenance and cure to plaintiff, Chad Bernard Bourque. Finding the trial court erred in reinstituting plaintiff's maintenance and cure benefits in a summary proceeding, we reverse.

FACTS
On September 9, 1992, plaintiff Chad Bourque was injured on the vessel Delta I while in the course of his employment as a seaman for defendant Norman Offshore Pipelines, Inc. Plaintiff claims he slipped and fell while carrying a barrel down a flight of stairs, landing on his back with the barrel on top of him. Following the accident, Chad filled out an accident report and was subsequently transported to shore.
Plaintiff saw Dr. Clifton Shepherd on September 10, 1992, as directed by his employer. Dr. Shepherd treated plaintiff with anti-inflammatory medication and physical therapy, and recommended a CT scan and MRI of his neck and back. These tests were performed on October 20, 1992. Consequently, Dr. Shepherd released plaintiff to duty on October 22, 1992, and defendant terminated maintenance and cure payments to plaintiff.
Due to continued pain in his back and leg, plaintiff selected his own treating physician, Dr. John E. Cobb, who first examined plaintiff on November 2, 1992. Dr. Cobb diagnosed plaintiff with post-traumatic lumbar pain syndrome and SI joint dysfunction. Dr. Cobb recommended physical therapy for the SI joint problem and a work hardening program.
Plaintiff filed suit on January 6, 1993, alleging two separate causes of action. First, plaintiff sought damages as a result of his employer's negligence under the Jones Act and as a result of the unseaworthiness of the Delta I under general maritime law. Second, plaintiff asserted a cause of action for maintenance and cure benefits, attorney fees and punitive damages under general maritime law, claiming that defendant acted arbitrarily and capriciously in terminating his maintenance and cure benefits.
On February 3, 1993, plaintiff filed a Motion for Re-Institution of Maintenance and Cure Benefits in the form of a Rule to Show Cause. Only this summary proceeding *1364 stands before us. In this rule plaintiff sought reinstitution of maintenance and cure benefits, attorney's fees and punitive damages. Defendant filed a memorandum in opposition to plaintiff's motion. After considering the memoranda and arguments of counsel, the trial judge orally granted the motion of plaintiff. His judgment, dated March 9, 1993, ordered defendant pay plaintiff maintenance benefits from November 2, 1992, until plaintiff reached maximum medical cure. Additionally, the judgment ordered defendant to pay plaintiff's medical expenses. The trial court did not award plaintiff attorney's fees.
As a result of this judgment, defendant filed an application for supervisory writs concerning the reinstitution of maintenance and cure benefits in favor of plaintiff. On April 1, 1993, this court denied defendant's writ application, stating that the relator had an adequate remedy by appeal.
Defendant then made a motion for suspensive appeal to the trial court, based on the judgment of March 9, 1993. The trial judge denied the motion for suspensive appeal and refused to sign the order setting the return date and amount of the suspensive appeal bond.
Defendant again filed an application for supervisory writs with this court, solely in connection with the refusal of the trial court to grant its motion for suspensive appeal and set a return date and amount of suspensive appeal. On April 22, 1993, this court granted the writ, ordering the trial court to grant the suspensive appeal and set the amount for bond.
Defendant then perfected this suspensive appeal, alleging three assignments of error:
1. The trial court erred in awarding plaintiff reinstitution of maintenance and cure benefits on a rule to show cause, which is a summary proceeding;
2. Alternatively, the trial court erred in awarding plaintiff reinstitution of maintenance and cure benefits by granting a motion for summary judgment when genuine issues of material fact existed regarding conflicting medical evidence as to whether plaintiff had reached "maximum cure;" and
3. The trial court erred in ruling that plaintiff had not reached "maximum cure" by simply reasoning that plaintiff was being treated by Dr. Cobb and not relying on the appropriate jurisprudential standard for determining whether this alleged treatment was merely to relieve pain and suffering, i.e. supportive or palliative care, and thus treatment which should not be considered when addressing the issue of whether a seaman has reached "maximum cure."

LAW
In Maricle v. Casablanca Convertors, Inc., 546 So.2d 275, 277-278 (La.App. 3 Cir.1989), this court held:
LAW
The use of summary process cannot be extended beyond the matters expressly set forth in LSA-C.C.P. Art. 2592 which provides that:
"Summary proceedings may be used for trial or disposition of the following matters only:
(1) An incidental question arising in the course of litigation.
(2) An application for a new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus, or quo warranto proceeding.

*1365 (7) The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent change in, or termination of child custody, alimony, child support in behalf of minor children, support between ascendants and descendants, and visitation rights.
(9) An action to annul a probated testament under Article 2931.
(10) An action to enforce the right to a written accounting provided for in R.S. 9:2776.
(11) All other matters in which the law permits summary proceedings to be used."
A rule to show cause is a summary procedure. LSA-C.C.P. Art. 2592(3); Devillier v. Devillier, 439 So.2d 667 (La. App. 3 Cir.1983). However, the right to initiate an original proceeding by a rule to show cause must be derived from express statutory authority. Foret v. Stark, 16 So.2d 79 (La.App. 1 Cir.1943).
Id. at 277-278. In accord, State of Louisiana, Through the Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671, 678 (La.1973).
No statutory authority has been cited to this court which authorizes the use of summary procedure on the issue of maintenance and cure. Further, maritime common law provides a remedy for failure to pay maintenance and cure, i.e., compensatory damages, punitive damages and attorney's fees. Under these circumstances, we do not find the use of summary process in this instance to be authorized directly or impliedly by any statutory scheme.
Perry v. Allied Offshore Marine Corp., 618 So.2d 1033, 1035 (La.App. 1 Cir.1993) (footnote omitted).
Although the Legislature could, and possibly should, take steps to enable injured seamen the opportunity to obtain maintenance and cure by summary proceedings, it has not done so to date. As a consequence, we feel compelled not to supply such a remedy here, particularly when relief, albeit of a more dilatory nature, is still available. Plaintiff's remedy during the litigation is a motion for summary judgment, which he may file upon completion of discovery, should he feel that the evidence reveals the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Thurman v. Patton-Tully Transportation, Inc., 619 So.2d 879, 881 (La.App. 3 Cir.1993).

CONCLUSION
In light of our finding that the trial court improperly reinstituted plaintiff's maintenance and cure benefits in a hearing on a rule to show cause, a summary proceeding, we pretermit the second and third assigned errors without expressing an opinion either way on their merits.
Plaintiff neither appealed the trial judge's refusal to award attorney's fees nor filed an answer to defendant's appeal requesting same. Thus, we are not empowered to consider the question at this juncture.

DECREE
The trial court judgment is vacated and remanded for further proceedings consistent with this opinion. Assessment of costs to await final disposition.
VACATED AND REMANDED.
THIBODEAUX, J., concurs in result.