JiDOUCET, Chief Judge.
Defendants, Romero & Associates, Inc. and P & I Underwriters, appeal a judgment of the trial court granting that part of plaintiffs, Alee Joseph Breaux, Jr.’s, motion for summary judgment increasing his rate of maintenance from $15.00 to $32.50 per day and ordering defendants to pay expert witness and court reporting fees in connection with the deposition of Dr. William Foster. We affirm in part, reverse in part and remand.
FACTS
This case arises out of an accident which happened aboard the vessel Stephen B on November 9, 1992. Plaintiff, Alee Breaux, a deckhand on the vessel, was injured when he was thrown or fell against the front bulwark when the vessel bumped ^against a barge which had broken loose and was in the process of being recovered. Following the accident, appropriate medical care was provided by Mr. Breaux’s employer. Additionally, he was paid $15.00 per day maintenance.
On January 27, 1995, plaintiff filed a motion for summary judgment seeking an increase in maintenance payments from $15.00 to $32.50 per day and payments of cost to include the cost of deposing Dr. William Foster, plus other issues not before this court. The trial court granted plaintiffs motion and defendants appeal the increase in maintenance and the assessment of the costs of Dr. Foster’s deposition.
LAW AND DISCUSSION
The case at bar comes to this court by way of a summary judgment. In Potter v. First Federal Savings and Loan Ass’n of Scotlandville, 615 So.2d 318, 325 (La.1993), our supreme court stated:
Appellate courts review summary judgments de novo, under the same criteria which governs the district court’s consideration of the appropriateness of summary judgment. Schroeder v. Board ofSup’rs of Louisiana State University, 591 So.2d 342 (La.1991). The criteria set forth in the Code of Civil Procedure directs that plain *685 tiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. LSA-C.C.P. art. 966(A).
Judgment on the motion is properly granted only if the pleadings, deposition, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B); Penalber v. Blount, 550 So.2d 577 (La.1989); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Schroeder v. Board of Sup’rs of Louisiana State University, supra. A fact is material if its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Penalber v. Blount, supra.
Accordingly we review the case de novo.
^MAINTENANCE
In Springborn v. American Commercial Barge Lines, Inc., 767 F.2d 89 (5th Cir.1985) at 94-95, the court explained:
... There is an ancient duty of a vessel to provide maintenance and cure to a seaman who is injured or falls ill while in the service of the ship_ Maintenance is comparable to the value of food and lodging provided by the vessel_ A seaman’s own testimony as to expenses is competent evidence of the amount of maintenance. ... Since the maintenance payment is for food and lodging similar to that aboard the vessel, the amount may vary depending on what was provided by the ship and the cost of the equivalent shore-side .... Thus it is a question of fact to be decided based upon the evidence presented....
At trial, the only testimony provided by Springborn [the plaintiff] concerning maintenance was Springborn’s statement that he borrowed $200 a week from his attorney. Springborn argues that this is competent evidence and supports the jury’s award.... We conclude that Springborn’s mere assertion that he borrowed $200 a week from his attorney to live on is not enough. The seaman must present some evidence that he expended sums for food and lodging ashore which was equivalent of that on the vessel, [citations omitted].
The United States Court of Appeals, Fifth Circuit expounded on the issue of maintenance in McWilliams v. Texaco, Inc., 781 F.2d 514 (5th Cir.1986), where at 518 it stated:
Evidence of a seamen’s actual expenses during his incapacity is certainly a relevant starting point in this fact-specific inquiry, but is not necessarily a sufficient finish line. Actual expenses do not always provide a satisfactory benchmark, because in many cases a seaman may not have sufficient funds to obtain the kind of maintenance which the law provides him. For want of means, he may spend very little, simply because he is unable to fend for himself. On the other hand, he may be compelled to seek maintenance in a port where the cost of obtaining shipboard equivalents is prohibitively high. In short, the amount a seaman actually expends may be insufficient to provide him ‘with so much as he had on shipboard in his health.’
What, then, is a trial court to consider in setting the level of maintenance? The cases teach us that when the seaman is provided with care by others, the ship’s master is relieved of his liability for the obligation.... Similarly, ‘the seaman must Upresent some evidence that he expended sums for food and lodging that was equivalent’ to that provided on the vessel.... The fact that a seaman is actually able to live on a pittance, however, does not limit him to that recovery, nor does it establish that he was provided with adequate living conditions during his recovery. Thus, the court should allow relevant evidence to determine whether the sums actually expended by the seaman were adequate to afford him substantial shipboard *686 equivalents. If they were not, then the Court should hear evidence as to the reasonable cost for such services as lodging and food in the place where the seaman is recovering. This fact-specific inquiry will enable the Court to give full effect to the regard for seamen embodied in the doctrine of maintenance and cure, [footnotes and citations omitted].
In the case before us, the only evidence related to plaintiffs maintenance submitted with his motion for summary judgment was his own, self-serving, unsupported affidavit. We note that from the time he was injured in November 1992 till the motion for summary judgment was filed in January 1995, Mr. Breaux subsisted on maintenance of $15.00 per day, a sum far below the monthly expenses he claimed on his application to proceed in forma pauperis filed in October 1993. In his motion for summary judgment, plaintiff alleged an increase in his monthly expenses, but no proof of any change was introduced.
A seaman’s right to maintenance and cure is an issue of general maritime law. Smith v. Transworld Drilling Company, 773 F.2d 610, 616 (5th Cir.1985). It includes receiving a subsistence allowance and reimbursement of medical expenses actually incurred. Moreover, the shipowner must take all reasonable steps to ensure that the seaman receives proper care and treatment. Maintenance and cure is designed to provide the seaman with food and lodging when he becomes sick or injured. Jordan v. Intercontinental Bulk-tank Corporation, 621 So.2d 1141, 1153 (La.App. 1st Cir.), [93 1624 La.App. 1 Cir. 5] writs denied, 623 So.2d 1335, 1336 (La. 1993), cert, denied, — U.S. —, 114 S.Ct. 926, 127 L.Ed.2d 219 (1994).
The right to maintenance and cure is broad, and the burden of proof is relatively light since recovery is not dependent on negligence or fault of the vessel or its owner. Freeman v. Thunder Bay Transportation Company, Inc., 735 F.Supp. 680, 681 (M.D.La.1990). Ordinarily, a seaman who seeks | ¡^maintenance and cure need prove only that the injury or illness arose while he was in the service of the ship. Freeman v. Thunder Bay Transportation Company, Inc., 735 F.Supp. at 681. No causal connection to his duties need be shown, and a seaman’s entitlement to maintenance and cure is entirely unrelated to any fault or negligence on the part of the shipowner. Liner v. J.B. Talley and Company, Inc., 618 F.2d 327, 332 (5th Cir.1980). A seaman must establish his right to maintenance and cure with that degree of proof required in ordinary cases, which means more than mere speculation or conjecture. Sylvester v. Offshore Food Service, Inc., 217 So.2d 430, 436 (La.App. 1st Cir.1968). [Emphasis ours.]
Comeaux v. Basin Marine, Inc., 93—1624, pp. 4, 5 (La.App. 1 Cir. 6/24/94); 640 So.2d 833, 836, writ denied, 94-2307 (La. 11/18/94); 646 So.2d 386.
We find that, as to the issue of maintenance, the record fails to show the absence of an issue of material fact, in that plaintiff failed to establish the value of his food and lodging aboard the vessel and presented no proof corroborating his claim that it would take $32.50 per day in maintenance to “afford him substantial shipboard equivalents.” Accordingly, that portion of the trial court judgment increasing Mr. Breaux’s maintenance from $15.00 to $32.50 per day is reversed.
COSTS
Also included in the judgment, but not before us, is the order by the trial judge for defendants to arrange and pay for the surgery recommended by Drs. Foster and Gun-derson. Defendants have complied with that portion of the judgment. What is before us is the order by the trial judge awarding costs for the deposition of Dr. Foster ($750.00 to the Dr. and $177.25 to the reporter for the taking of same). Appellants argue that taxing of costs of depositions is not authorized in connection with a motion for summary judgment. We disagree.
leOur brethren of the first circuit, in Riddle v. Louisiana Power and Light Co., 94—1386, pp. 10, 11 (La.App. 1 Cir. 4/7/95); 654 So.2d 698, 703, stated:
Louisiana Revised Statute 13:4533 provides:
The costs of the clerk, sheriff, witness’ fees, costs of taking depositions and cop *687 ies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
Mr. Riddle argues that the cost of the depositions is not taxable because LP & L submitted only excerpts of the depositions at the motion for summary judgment, not the entire depositions. However, he cites no authority to support this position and we find that clearly, under the law, the trial court retained jurisdiction to order Mr. Riddle to pay court costs, including deposition fees. We find no distinction in the law where only portions of the depositions were utilized at the hearing, and therefore, we find no legal error by the trial court. [Emphasis ours.]
Appellants argue that the phrase “on the trial” refers to a trial on the merits. We refuse to limit the phrase to such an interpretation. La.Code Civ.P. art. 966 requires a trial judge to consider any depositions when ruling on a motion for summary judgment. Dr. Foster’s deposition recommended surgery, surgery was ordered and performed. Clearly, the deposition was “used” at the trial on the motion for summary judgment. Therefore, we find no error in that portion of the trial court’s judgment assessing the costs of Dr. Foster’s deposition against defendants.
Accordingly, for the reasons stated above, we reverse that portion of the trial court judgment increasing Mr. Breaux’s maintenance from $15.00 to $32.50 per day and we affirm that portion of the judgment awarding the costs incurred in the taking of Dr. Foster’s deposition.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.