PICKETT, J.,
concurring part and dissenting in part.
IT concur with the majority’s conclusions that the trial court did not err with regard to its award of court costs and that Ms. Stermer is not entitled to an award of attorney fees for work performed by her attorney on remand. I respectfully dissent, however, with regard to the majority’s conclusion that Ms. Stermer is entitled to attorney fees for work performed in the trial court after ARTCO instituted payment of maintenance and cure benefits.
On remand, ARTCO argued that Ms. Stermer is only entitled to an award of attorney fees for work' her counsel performed that was directly related to securing the payment of her maintenance and cure benefits and that she is not entitled to attorney fees for work performed after it began paying her benefits. Ms. Stermer counters ARTCO’s contention, arguing that shé is entitled to attorney fees throughout the trial and on appeal because in order to preserve her maintenance and cure benefits, she had to continuously work to prove that she was entitled to the benefits and that ARTCO’s refusal to pay was callous, arbitrary, and capricious.
As rioted by the majority, thé issue of attorney fees for' work performed in the trial court was remanded “to allow the trial- court to receive evidence of what an appropriate award of attorney fees is in this case and to' award attorney fees | ^commensurate with said evidence.” Stermer v. Archer-Daniels-Midland Co., 14-147, p. 15 (La.App. 3 Cir. 6/4/14), 140 So.3d 879, 889, writ denied, 12-766 (La.5/18/12), 89 So.2d 1197 (émphasis added).' Accordingly, the trial court was to determine ‘an appropriate award of attorney 'fees for work performed by Ms. Stermer’s attorney in the trial court.
The purpose of maintenance and cure is “to provide a seaman with food and lodging when he becomes sick or injured in the ship’s service.” Vaughan v. Atkinson, 369 U.S. 527 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). The benefits are intended to protect seamen and to induce employers to protect the safety and health of seamen working for them. Id.
“The payment of maintenance and cure prior to suit does not constitute a waiver of any defenses which' might be asserted.” Thurman v. Patton-Tully Transp. Co., 619 So.2d 879,. 881 (La.App. 3 Cir.1993) (citing Hokanson v. Maritime Overseas *332 Corp., 1974 AMC 948 (E.D.La.1974)). See also, Kuebel v. Dep’t of Wildlife & Fisheries, 08-1018 (La.App. 4 Cir. 4/15/09), 14 So.3d 20, writ denied, 09-1083 (La.9/4/09), 17 So.3d 964, overruled on .other grounds, Fulmer v. Dep’t of Wildlife & Fisheries, 10-2779 (La.App.7/1/11), 68 So.3d 499 (State’s waiver of sovereign immunity to action); Martinez v. Abdon Callais Offshore, LLC, (E.D.La.6/10/09), 2009 WL 1649736. Furthermore, pursuant to McCorpen v. Cent. Gulf S.S. Corp., 396 F.2d 547, 549 (5th Cir.1968), cert. denied, 393 U.S. 894, 89 S.Ct. 223, 21 L.Ed.2d 175 (1968), a seaman is not entitled to maintenance and cure if his employer establishes that the seaman “knowingly concealed material medical information [and] there is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage” when he applied for employment. The McCorpen defense can be raised at any time.
|¡¡Pursuant to Thurman, 619 So.2d 879, and McCorpen, 396 F.2d 547, an employer always has the right to defend a claim for maintenance and cure benefits. The fact that an employer pays maintenance and cure benefits but. contends the benefits are not owed does not entitle a seaman to recover attorney fees. A seaman is only entitled to attorney fees if the employer refused to pay the benefits and the refusal to pay is “callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent.” Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir.1987) (abrogated on other grounds by Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir. 1995) (en banc)). It logically follows, therefore, that although an employer initially refused .to pay maintenance and cure benefits and its refusal was “callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent,” but then paid all outstanding benefits and thereafter continued to pay all benefits timely, it is liable only for attorney fees for the period of time during which the benefits were not paid. Otherwise, the employer is subjected to continued penalties for failure to pay maintenance and cure although it instituted -payment of the benefits. This would,reduce and/or eliminate an employer’s incentive to pay maintenance and cure if the employer finds the- seaman’s claim questionable.
The majority concludes that notwithstanding the fact that ARTCO began paying Ms. Stermer maintenance and cure benefits in April 2010, it paid those benefits “under protest”; therefore, Ms. Stermer is entitled to recover attorney fees for work performed by her attorney throughout the trial-court phase of this litigation. The designation of. the payment “under protest” has no legal significance whatsoever. An employer who pays maintenance and cure benefits from the date of injury has the legal right to litigate the issue of whether the claimant is entitled to those benefits throughout the entire trial without designating the payments [/‘under protest” and cannot be assessed with attorney fees. Whether the payments are made is the issue. Payment of maintenance and cure “under protest” does not afford the employer any more rights or subject the seaman to any additional burden.
For these reasons, I dissent from the majority’s affirmation of the trial court’s award of attorney fees for work performed by Ms. Stermer’s attorney after ARTCO began paying maintenance and cure benefits.
I agree with the majority’s acceptance of the trial court’s methodology for calculating the attorney fees ARTCO owes Ms. Stermer, but I would calculate attorney fees based on Ms. Stermer’s attorney’s itemized bill with an ending date of May 5, 2010. As. of that date, the maintenance *333 and cure benefits had been received by Ms. Stermer’s attorney, documentation concerning the benefits had been verified by the attorney, and the benefits had been distributed to Ms. Stermer. Accordingly, I would award $60,210 in attorney fees which represents 90% of the itemized attorney fees through May 5, 2010, at a rate of $300 per hour.