**AMERICAN NATIONAL
FIRE INSURANCE
CO., Plaintiff,**

**v.**

**ROSE ACRE FARMS INC., Wilson, Cynthia L., as Personal Representative of the Estate of Jeffrey L. Wilson,\* Garland, Robert, Defendants.**

**No. IP93–0085–C–B/S.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 11, 1995.

\* Dismissed 10/27/95.

Richard R. McDowell, Hill Fulwider McDowell Funk & Matthews, P.C., Indianapolis, Indiana, for plaintiff.

Brian K. Burke, Baker & Daniels, Indianapolis, Indiana, for defendants.

*ENTRY*

BARKER, Chief Judge.

## I. BACKGROUND and STANDARDS

### A. *Procedural History*

This declaratory judgment action was initially brought by plaintiff American National Fire Insurance Company ("ANFI") in January, 1993, seeking a declaration that defendant Rose Acre Farms ("Rose Acre") is not entitled to insurance coverage under ANFI Policy No. UMB2–64–81–35–00 ("the Policy") with respect to death and injury claims against Rose Acre arising out of the December 10, 1991 crash of Rose Acre's Beechcraft airplane. In an entry dated March 7, 1994, this Court granted summary judgment for Rose Acre, holding that Rose Acre is entitled to coverage according to the terms of the Policy. On May 12, 1994, we granted ANFI's motion to alter or amend judgment and for leave to conduct discovery. The sole basis for this motion was ANFI's discovery of new evidence regarding Rose Acre's possible ownership of an airplane in Paraguay ("Paraguay airplane").

The matter is now before the court on cross motions for summary judgment. ANFI argues that Rose Acre owned the Paraguay airplane and misrepresented this fact in its application for insurance submitted to ANFI. This misrepresentation, claims ANFI, was material, and thus invalidates the Policy insofar as coverage for the 1991 Beechcraft airplane crash is concerned.[1]

Rose Acre makes the following arguments in support of its motion:

1) James Rust, not Rose Acre, was the owner of the Paraguay airplane at the time the application was filed in November, 1990; *or*

2) the ANFI umbrella policy only provided coverage within North America and thus Rose Acre was under no obligation to divulge the existence of any aircraft in South America; *or*

3) even if Rose Acre's representation on the application that it did not own, lease or operate any aircraft was a misrepresentation, ANFI and not Rose Acre is responsible for the misrepresentation because the form was prepared and submitted by ANFI's agent; *or*

4) any misrepresentations on Rose Acre's application were not material to ANFI's decision to issue the Policy; *or*

5) ANFI has waived its ability to rescind the Policy or to deny coverage by continuing to accept premiums and keeping the Policy in full force after it became aware of the Paraguay airplane.

For the reasons stated below, Rose Acre's motion is GRANTED and ANFI's motion is **DENIED.**

### B. *Summary Judgment Standards*

■ "Summary judgment is designed to head off a trial if the opposing party does not have a reasonable prospect of prevailing before a reasonable jury—that is, a jury that will base its decision on facts and the law, rather than on sympathy or antipathy or private notions of justice." *Karazanos v. Navistar International Transp. Corp.,* 948 F.2d 332, 338 (7th Cir.1991). Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.Pro.* 56(c).

---

1. ANFI also attempts to reargue the question of interpretation of the insurance policy, which was decided by this Court in an entry dated March 7, 1994. ANFI presents no new evidence or case law respecting the question of policy interpretation. Because we granted ANFI's motion to alter or amend judgment on the basis of its newly discovered evidence regarding the Paraguay airplane, we will address only those arguments which relate to the existence of and representations made about the Paraguay plane. Insofar as ANFI's motion raises the question of whether the language of the policy provides coverage for the December, 1991 plane crash, we rely on our March 7, 1994 ruling.

■ A genuine issue of material fact exists if there is sufficient evidence for a jury to return a verdict in favor of the non-moving party on the particular issue. *Methodist Medical Center v. American Medical Sec., Inc.,* 38 F.3d 316, 319 (7th Cir.1994). In considering a summary judgment motion, a court must draw all justifiable inferences in the light most favorable to the opposing party, and must resolve any doubt against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Bank Leumi Le-Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991). While the burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case", *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the nonmoving party may not simply rest on the pleadings, but must affirmatively demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Billups v. Methodist Hosp. of Chicago,* 922 F.2d 1300, 1302 (7th Cir.1991). Conclusory allegations by a party opposing a motion for summary judgment cannot defeat the motion. *Smith v. Shawnee Library System,* 60 F.3d 317, 320 (7th Cir.1995). "The moving party is 'entitled to a judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. If doubts remain, however, as to the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment denied. *See, Wolf v. City of Fitchburg,* 870 F.2d 1327, 1330 (7th Cir.1989).

### C. Declaratory Judgment Standards

■ Some confusion about which party bears the burden of persuasion, or risk of non-persuasion, has been generated in the declaratory judgment context, largely because a declaratory judgment usually transposes the parties. *See* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Proc.* § 2770 (1983).

When, as here, the basis of jurisdiction is diversity, most courts rely on the applicable state law to determine which party shoulders the burden of proving the facts. *See, e.g., Auburndale State Bank v. Dairy Farm Leasing Corp.,* 890 F.2d 888, 893 (7th Cir. 1989) (relying on Wisconsin law to decide which party bore burden of proof in declaratory judgment action based on diversity jurisdiction); *Spraying Systems Co. v. William G. Smart Co., Inc.,* 816 F.Supp. 465, 467 (N.D.Ill.1993) (relying on Illinois law to decide plaintiff bears burden of proof in declaratory judgment action based on diversity jurisdiction); *Metropolitan Life Ins. Co. v. Estate of Cammon,* 929 F.2d 1220, 1222 (7th Cir.1991) (remarking that plaintiff-insurance company bore burden of proof in declaratory judgment action to establish lack of coverage of insured under insurance policy).

Accepting this as the rule, ANFI bears the burden of persuasion in the present case because, under Indiana law,[2] "[i]n an action for declaratory judgment the party who seeks the judgment must carry the burden of proving its propriety." *South Bend Community Sch. v. National Ed. Ass'n,* 444 N.E.2d 348, 352 (Ind.App.1983) (citing *Rosenbaum Bros. v. Nowak Milling Corp.,* 222 Ind. 108, 51 N.E.2d 623 (1943)).

In order to prevail on its summary judgment motion, ANFI must show that the facts support findings as a matter of law that: 1) Rose Acre owned the plane, 2) Rose Acre had an obligation to divulge its ownership of the Paraguay airplane; 3) Rose Acre misrepresented its ownership of the Paraguay plane and is responsible for such misrepresentation; 4) the misrepresentation was material; and 5) ANFI has not waived its right to rescind or deny coverage. If, on the other hand, the undisputed facts support a finding as a matter of law in Rose Acre's favor as to *any one* of these five questions, then summary judgment must be denied ANFI and granted for Rose Acre.

### D. Facts

This matter is resolved by the conclusion that any misrepresentation in Rose Acre's

---

**2.** Neither party questions that Indiana law applies in this case.

insurance application was not material. As a result, we need not and will not address on the merits the numerous other interesting and complex questions raised by the parties. *See, Watson v. Golden Rule Ins. Co.,* 564 N.E.2d 302, 306 (Ind.App.1990) ("Despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute regarding facts which are dispositive of the matter."). Facts material to our resolution of these summary judgment motions are not disputed and are presented below:

On or about November 1, 1990, Jan Bednarz, Vice–President of M–J Insurance ("M–J"), prepared and submitted to ANFI Rose Acre's application for umbrella liability coverage.[3] Bednarz Aff., at ¶ 2. Rose Acre's insurance administrator Scott Brewer supplied information for the application to Bednarz, who in turn submitted the application to the Marion Agency, ANFI's underwriter in Indiana. Bednarz Dep., at 4, 8–9 & ex. 15; Fish Dep., at 15–16. The completed application was neither sent to nor reviewed by Rose Acre. Bednarz Aff., at ¶ 4. Bednarz' understanding at the time he prepared and submitted the application was that Rose Acre did not own, lease or operate any aircraft. Bednarz Dep., at 12.

Kevin Culley, an underwriter at the Marion Agency, reviewed Rose Acre's application and caused ANFI to issue a policy for the policy period of January 1, 1991, to January 1, 1992. At no time during this policy period was Culley or M–J aware of the existence of the Paraguay airplane. Culley Dep., at 145–47; Bednarz Dep., at 13; Bednarz Aff., at ¶ 11. Culley has testified that had he known about the Paraguay airplane, he would have

issued the Policy with an endorsement deleting Exclusion 5(c)[4], and replacing it with an "aircraft exclusion" stating:

> This policy does not apply to "injury" arising out of the ownership, maintenance, operation, use, loading or unloading of any aircraft.

Culley Dep., at 148–9; Culley Supp.Aff., at ¶ 3.

On or about July 18, 1991, Rose Acre purchased the Beechcraft aircraft which was later involved in the crash for which coverage is disputed. Fish Aff., at ¶ 3. As early as July, 1991, M–J was aware that Rose Acre was contemplating purchasing an aircraft. Bednarz Aff., at ¶ 10; Bednarz Dep., at 20–21. M–J understood in late July or early August, 1991, that Rose Acre had in fact purchased the Beechcraft. Bednarz Aff., at ¶¶ 1, 10; Bednarz Dep., at 33.

On December 10, 1991, Rose Acre's Beechcraft airplane crashed. Scott Brewer of Rose Acre called M–J to inform them of the crash on the following day. Brewer Dep., at 60–62. Bednarz then spoke with Culley about the crash. Culley Dep., at 101–102. On December 11, 1991, Culley added an aircraft exclusion to Rose Acre's policy, which was subsequently deleted because of ANFI's belief that the Policy as written already excluded coverage for losses arising from the operation of owned aircraft.[5] Culley Aff., at ¶ 12. This short-lived aircraft exclusion was never sent to Rose Acre. Bednarz Dep., at 93–96.

ANFI learned on March 1, 1994 that Rose Acre might have owned an airplane in Paraguay at the time that Rose Acre applied for umbrella insurance coverage. ANFI's Mo-

---

**3.** M–J is an independent insurance agent which has had a contractual relationship with Great American, ANFI's parent company, and/or with the Marion Agency, Great American's underwriter for Indiana, at all times from 1990 to the present. Bednarz Dep., at 67, 89. M–J is paid a commission on ANFI policies which it sells, including the Rose Acre Policy. *Id.,* at 89; Culley Dep., at 53–4. M–J is one of several insurance companies from whom Rose Acre solicits bids for its insurance needs. Fish Aff., at ¶ 11; Fish Dep., at 10. Rose Acre has never entered into a contract or brokerage agreement with M–J. Fish Aff., at ¶ 11; Bednarz Dep., at 99.

**4.** Exclusion 5(c) reads as follows:

> 5. This policy does not apply, except to the extent that coverage is available to the "Insured" in the "underlying insurance," to:
> c. "Injury" arising out of the ownership, maintenance, operation, use, loading or unloading of an aircraft, if such aircraft is owned or hired without pilot or crew by or on behalf of the "Insured".

**5.** As explained in note 1 above, and in our March 7, 1994 entry, Culley's belief that the terms of the policy excluded coverage for losses arising from the Beechcraft crash was mistaken.

tion to Alter or Amend, at ¶3; Bednarz Aff., at ¶11. After learning of the Paraguay airplane, ANFI did not add an aircraft exclusion, but instead added an exclusion for any losses occurring outside the continental U.S. and Canada. Biggs Dep., at 10; Whittington Aff., at ¶8. ANFI continued to collect premiums and to keep the Policy in full force, renewing the Policy each year through March 1, 1995. Whittington Aff., at ¶¶6, 7.

## II. DISCUSSION

▉ Initially, we note that in Indiana "when a broker makes applications for insurance and the insurance policy is issued, the broker is the agent of the insurer and can bind it within the scope of his authority." *Plumlee v. Monroe Guar. Ins. Co.*, 655 N.E.2d 350, 357 (Ind.App.1995); *Aetna Ins. Co. of the Midwest v. Rodriguez*, 517 N.E.2d 386, 388 (Ind.1988). We find that, as a matter of law, because M–J prepared and submitted Rose Acre's application for insurance, and the Policy was issued, that M–J is ANFI's agent. In addition, M–J had a contractual relationship with Great American and the Marion agency, respectively the parent company and the Indiana underwriter of ANFI; M–J received commissions on sales of insurance policies for ANFI, and both Kevin Culley and Jan Bednarz regarded M–J as ANFI's agent. *See*, Bednarz Dep., at 88–89; Culley Dep., at 51; *see also*, note 3, *supra*. Furthermore, the Policy includes a provision that "[n]otice given by or on behalf of the Insured to any of our authorized agents in Indiana, with particulars sufficient to identify the Insured, shall be considered to be notice to us." Policy, at 13. Therefore, notice to M–J is imputed to ANFI.

▉ Under Indiana law, "a material misrepresentation or omission regarding substantial factors affecting the nature of the risk insured upsets any mutuality of understanding between the parties and renders the insurance contract voidable by the insurer." *Northern Assur. Co. of America v. Lark*, 845

F.Supp. 1301, 1309 (S.D.Ind.1993), *aff'd, sub nom Northern Assur. Co. of America v. Summers*, 17 F.3d 956 (1994). An insurance policy "is not rendered absolutely void by reason of false answers to questions contained in the application which materially affect the risk undertaken by the insurer, but in such a case, the contract is voidable at the election of the insurer." *American Family Mut. Ins. Co. v. Kivela*, 408 N.E.2d 805, 810 (Ind.App.1980) *citations omitted; see also, Gary Nat. Bank v. Crown Life Ins. Co.*, 181 Ind.App. 610, 392 N.E.2d 1180, 1181 (1979) ("When a party asserts that he has been defrauded into entering a contract by relying on material misrepresentation, the contract is voidable and the insurer can elect to either rescind it on the basis of fraud or affirm the transaction.").[6]

▉ Assuming, *arguendo*, that Rose Acre misrepresented its ownership of the Paraguay plane in its insurance application, we must determine whether that misrepresentation was a material one. Under Indiana law, "[a] representation is material if the fact or facts represented reasonably enter into and influence the insurer's decision whether to issue the policy or to charge a higher premium." *Kivela*, 408 N.E.2d at 810; *Curtis v. American Community Mutual Ins. Co.*, 610 N.E.2d 871, 874 (Ind.App.1993).

ANFI presents testimony from Kevin Culley, the underwriter who reviewed Rose Acre's application and caused the Policy to issue, that if he had known that Rose Acre owned an airplane, he would have issued the Policy with an aircraft exclusion, which would have precluded coverage of the December, 1991 plane crash. *See*, Culley Supp.Aff. at ¶3; Culley Dep. at 148–9. Ordinarily, this might be enough to support a finding as a matter of law that the misrepresentation on the application was material. However, we also have before us the undisputed fact that after ANFI learned, in late July or early August, 1991, that Rose Acre had purchased the Beechcraft, ANFI did nothing to alter

---

**6.** This case raises interesting questions as to whether ANFI can at this point elect to either avoid liability or rescind the Policy, or whether by their actions they have elected to affirm the policy and thereby waived their ability to challenge any misrepresentations. We express no opinion on the issue of waiver, as the case is resolved by our conclusion that any misrepresentations are not material.

the policy language. In fact, after the Beechcraft crashed in December, 1991, ANFI added an aircraft exclusion, but subsequently deleted it because of their belief that the policy language already excluded liability for injuries arising out of the ownership of aircraft. Our inquiry is not whether ANFI would have added to altered, or rescinded the Policy, or increased the premiums, if it had the benefit of 20/20 hindsight, i.e. knowledge that its interpretation of the policy language was mistaken. If that were our inquiry, the answer would clearly be yes. However, "the final inquiry [as to materiality] is what *that company* might reasonably have done," had they known the true facts misrepresented in the application. *Bush v. Washington Nat. Ins. Co.,* 534 N.E.2d 1139, 1142 (Ind.App.1989), *quoting, New York Life Insurance Co. v. Kuhlenschmidt* (1941) 218 Ind. 404, 424–25, 33 N.E.2d 340 (emphasis added in *Bush* ). In this case, we need not speculate as to what ANFI might have done, because we have the benefit of knowing what they actually *did* when they were told that Rose Acre had purchased the Beechcraft airplane, and subsequently when they discovered that Rose Acre owned the Paraguay airplane. In essence, ANFI gambled on their belief that the policy language itself excluded aircraft liability,[7] and they lost.

■ Materiality of a misrepresentation on an insurance application is normally a question of fact for the finder of fact. However, summary judgment is appropriate where, as here, no reasonable finder of fact could find that the misrepresentation reasonably entered into and influenced the insurer's decision whether to issue the policy or to charge a higher premium. *Kivela,* at 810; *Holtzclaw v. Bankers Mut. Ins. Co.,* 448 N.E.2d 55, 58 (Ind.App. 3 Dist.1983).[8] Here, because no reasonable trier of fact could conclude that, had it known about the Paraguay airplane, ANFI would have added an aircraft exclusion, or otherwise been influenced in its decision to issue the Policy to Rose Acre, ANFI's motion for summary judgment must be denied, and Rose Acre's motion is granted.

### III. OTHER PENDING MOTIONS

The Court also has before it Defendant's Motion to Reconsider Order Enlarging Time to Review and Sign Depositions, and Plaintiff's Motion for Additional Enlargement of Time to Review and Sign Kula Deposition. Because the deposition at issue has been signed and submitted to the court, and because the Court has granted Rose Acre's motion for summary judgment, these two motions are **DENIED AS MOOT.**

### IV. CONCLUSION

For the reasons explained above, Rose Acre's motion for summary judgment is **GRANTED** and ANFI's motion for summary judgment is **DENIED.**

It is so ORDERED.

---

7. There is some evidence that ANFI itself had doubts as to the correct interpretation of the Policy. *See,* Bednarz Dep., exhibits 22, 23 (correspondence dated September 4 and 21, 1992, to Herman Lawless, Resident Adjustor for Great American, from Jan Bednarz stating his opinion that Rose Acre was entitled to coverage for the Beechcraft crash under the terms of the policy).

8. We express no opinion as to whether or not ANFI might be entitled to some form of set-off representing the amount of increased premiums they may have charged had they realized that the Policy covered losses incident to ownership of aircraft.