Monte McPHERSON, Petitioner,

v.

Daniel R. McBRIDE, Respondent.

No. 3:96–CV–0224 AS.

United States District Court, N.D. Indiana, South Bend Division.

Oct. 29, 1996.

Monte McPherson, Westville, IN, Pro Se.

Mary Ann Gregorio, Office of the Attorney General, Indianapolis, IN, for respondent.

Scott A. Gorman, Westville, IN, Pro Se.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This is a challenge under 28 U.S.C. § 2254 to a prison Conduct Adjustment Board ("CAB") proceeding by *pro se* petitioner Monte McPherson. Mr. McPherson is currently an inmate at the Westville Correctional Facility ("WCF") in Westville, Indiana, and filed his petition for writ of *habeas corpus* on March 27, 1996. In this petition, the petitioner challenges a conviction in a prison disciplinary proceeding that occurred while he was incarcerated at the WCF, styled by the Indiana Department of Corrections as "WCC # 95–06–0412."

### I. FACTS AND PROCEDURAL HISTORY

On June 15, 1995, a report of conduct was written by WCF Officer B. Fields against the petitioner, charging him with violating disciplinary code section 216—"engaging in sexual acts with another." Specifically, the report of conduct stated:

> I Officer B. Fields observed offender McPherson, Monte D.O.C. # 943559 and offender Steele, Tommy D.O.C. # 933004 kissing and rubbing on each others ass and holding each others dicks while the running of chow.

*See* Return to Order to Show Cause, Ex. 1.

On June 19, 1995, Mr. McPherson was provided with a copy of the conduct report and received notice of a disciplinary hearing to be held on June 22, 1995. On the notice form, Mr. McPherson requested a lay advo-

cate and indicated that he would not call any witnesses on his behalf at the hearing. The hearing was held before a full, three-member CAB on June 22, 1995. At the hearing, McPherson testified that he did not engage in sexual acts with offender Steele; rather, he claimed that he merely forgot his identification badge in his cell and was returning to his cell, escorted by Steele, when Officer Fields observed him. As a result of McPherson' testimony the conduct report, all three members of the CAB found McPherson guilty as charged. As a result of the "serious nature of the offense," the CAB recommended that McPherson lose 90 days of accumulated earned credit time.

Subsequently, Mr. McPherson appealed the CAB's decision to Superintendent Daniel McBride. In this appeal, Mr. McPherson argued that he was denied due process because the CAB based its decision of guilt upon insufficient evidence. Superintendent McBride denied Mr. McPherson' appeal on July 25, 1995, finding that there was sufficient evidence presented to support the CAB's decision. Mr. McPherson then filed an appeal of the CAB decision to the Indiana Department of Corrections Adult Operations Disciplinary Review Manager, L.A. Ditmer. In this appeal, he submitted new evidence, specifically a statement by another corrections officer, Officer Moore, in which Moore states that he and Officer Fields approached McPherson and Steele at the same time on June 15, 1995. At that time, Officer Moore states that he did not observe any sexual activity occurring between McPherson and Steele. On August 18, 1995, upon reviewing such new evidence, Ms. Ditmer denied Mr. McPherson' appeal, finding that there was no evidence of procedural or due process error in the CAB proceeding.

Mr. McPherson filed his present petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on February 9, 1996. In his petition, Mr. McPherson raises two issues— (1) that the CAB's decision was based upon insufficient evidence; and (2) that his administrative appeal was improper.

The respondent filed his return to order to show cause on August 7, 1996, demonstrating the necessary compliance with *Lewis v.*

*Faulkner*, 689 F.2d 100 (7th Cir.1982). In his return, the respondent argues that the CAB's decision was clearly supported by sufficient evidence and, thus, McPherson's due process rights were not violated in the disciplinary hearing. McPherson filed his traverse in this matter on September 26, 1996. In his traverse, he argues that the new evidence presented on appeal (the statement of Officer Moore) clearly establishes that the report of conduct was unreliable. Thus, he requests that the court grant his habeas petition.

## II. BACKGROUND

■ There are some basics involved in this court's collateral review of CAB proceedings under § 2254. First, this court must examine this record for alleged constitutional errors. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir.1988), *cert denied*, 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989). Secondly, this court does not sit as a trier de novo in these prison disciplinary proceedings and does not sit as court of general common law review. *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir.1988); *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir.1984). Third, this court does not sit merely to determine questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Kraushaar v. Flanigan*, 45 F.3d 1040 (7th Cir.1995).

## III. DUE PROCESS CLAIM

■ Mr. McPherson claims that he was denied his constitutional rights under the Due Process Clause of the Fourteenth Amendment because the CAB based its decision upon insufficient evidence. Any discussion on alleged violations of due process and the creation of protected liberty interests in the prison disciplinary context must first begin with an analysis the recent decision by the Supreme Court of the United States in *Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ This court has already published several opinions dealing with some of the dimensions of the Supreme Court's important decision in *Sandin: See Bonner v. Parke*, 918

**974**

F.Supp. 1264 (N.D.Ind.1996); *Stone–Bey v. Barnes,* 913 F.Supp. 1226 (N.D.Ind.1996); *McKinney v. Hanks,* 911 F.Supp. 359 (N.D.Ind.1995); *Thomas v. Newkirk,* 905 F.Supp. 580, (N.D.Ind.1995); *Stone–Bey v. Swihart,* 898 F.Supp. 1287 (N.D.Ind.1995); and *Taifa v. Bayh,* 1995 WL 646300 (7th Cir. Sept. 26, 1995). In *Sandin,* the Supreme Court held:

> The time has come to return to the due process principles we believe were correctly established and applied in *Wolff* and *Meachum* [*v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) ]. Following *Wolff,* we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. *But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.* (citations omitted) (emphasis added)

*Sandin,* —— U.S. at ——, 115 S.Ct. at 2300. The Court also held in *Sandin* that a liberty interest is present where action of the state will "inevitably affect" the duration of the inmate's sentence. *Id.* at ——, 115 S.Ct. at 2301–02. Thus, Mr. McPherson's loss of good credit time created a liberty interest that cannot be deprived without due process. *Id.* Because a liberty interest is present, the court must inquire whether these prison officials have sufficiently afforded Mr. McPherson the due process protections required under the Due Process Clause in his prison disciplinary proceeding.

 The requirements imposed by the Due Process Clause are flexible and variable dependent upon the particular situation being examined. *See Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979). In determining what is the process due an inmate in the prison context, the Supreme Court of the United States has held that "one cannot automatically apply procedural rules designed for free citizens in an open society ... to the very different situation presented by a disciplinary proceeding in a state prison." *Wolff v. McDonnell,* 418 U.S. 539, 560, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974). "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). The United States Court of Appeals for the Seventh Circuit has held that the Due Process Clause entitles an inmate to receive:

> (1) advance (at least 24 hours before hearing) notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir.1992) (citing *Superintendent, Mass. Corr. Institution at Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) and *Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 2978–80 (1974)).

First, in this case, the "Notice of Disciplinary Hearing" indicates that Mr. McPherson received notice of that a June 19, 1995, hearing would be held on June 22, 1995—clearly more than the required 24 hours notice. Second, Mr. McPherson did appear at the June 22 hearing before the CAB. Third, the CAB listed the evidence it relied upon in reaching its decision to find Mr. McPherson guilty of the charged violation. Fourth, Mr. McPherson was provided the opportunity to call witnesses during the hearing but chose only to rely on his own testimony. Thus, the court finds that Mr. McPherson's procedural due process rights under *Rasheed–Bey* and *Superintendent, supra,* were not violated in the CAB hearing.

 Further, due process requires a CAB's decision that results in a deduction of credit time or a demotion in credit time earning class be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Institution at Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). A reviewing court is not to reweigh the evi-

dence presented to the CAB *de novo. Viens v. Daniels,* 871 F.2d 1328, 1334–35 (7th Cir. 1989); *see also* the Seventh Circuit's decision in *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996), for a recent example of a case where insufficient evidence was found on review of a CAB conviction.

The Supreme Court in *Superintendent* explained that, in ascertaining whether the "some evidence" standard has been met, courts are *not* required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the CAB's decision to revoke good-time credits has *some* factual basis. *Superintendent,* 472 U.S. at 455–56, 105 S.Ct. at 2773–75 (emphasis supplied). "Under this standard, the evidence need not 'logically preclude[ ] any conclusion but the one reached by the disciplinary board.'" *Meeks,* 81 F.3d at 719 (quoting *Superintendent,* 472 U.S. at 457, 105 S.Ct. at 2775). In *Viens, supra,* the Seventh Circuit observed that because the "some evidence" standard in *Superintendent* does not permit courts to consider the relative weight of the evidence presented to the CAB, it is "general[ly] immaterial that an accused inmate presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied" in support of its decision. 871 F.2d at 1335.

In this case, the CAB relied upon Officer Fields' eyewitness observations stated in the report of conduct as well as the petitioner's testimony at the hearing. The CAB did not have before it any testimony from Officer Moore, who was not requested as a witness by McPherson. A review of Officer Moore's statement, if truthful, leads the court to find that such testimony would directly undercut the evidence relied upon by the CAB, specifically Officer Fields' report of conduct. Therefore, erring on the side of extreme caution, the court now finds that the petitioner's due process rights under the Constitution of the United States were violated in the June 22, 1995, CAB hearing.

## IV. CONCLUSION

The court, for the foregoing reasons, holds that Mr. McPherson's due process rights were violated during the June 22, 1996, CAB hearing. Therefore, the court now **CONDITIONALLY GRANTS** McPherson's federal habeas petition. Further, the court **GRANTS** the respondent leave to conduct a fresh prison disciplinary proceeding on the charged conduct within 120 days of this decision. The petitioner should be given the opportunity to call Officer Moore as a witness and to present other evidence with regard to the charged conduct. The respondent must provide the court with notice that such a hearing was held in accordance with this decision. If the respondent fails to hold a renewed disciplinary hearing within 120 days of this decision, the petition will be fully granted and any sanctions imposed as a result of the June 22, 1996, CAB hearing will be ordered expunged. **IT IS SO ORDERED.**