**ROWAN COMPANIES, INC.**

v.

**Larry D. AINSWORTH.**

No. Civ.A. 97–1149.

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 8, 1999.

David A Hurlburt, George D. Ernest, III, Hurlburt Privat & Monrose, Lafayette, LA, for Rowan Companies Inc., plaintiff.

Howard N Nugent, Jr., D. Reardon Stanford, Alexandria, LA, for Larry D. Ainsworth, defendant.

## REASONS FOR JUDGMENT

LITTLE, Chief Judge.

Before this court is the disposition of plaintiff Rowan Companies' ("Rowan") declaratory judgment action. Plaintiff seeks a declaration that it has no maintenance and cure obligation to Larry D. Ainsworth ("Ainsworth"), its former seaman employee. After a bench trial and for the following reasons, this court RENDERS JUDGMENT IN FAVOR OF PLAINTIFF, deciding that it owes no maintenance and cure obligation to Ainsworth.

## I. FINDINGS OF FACT

Rowan employed Ainsworth as a roustabout assigned to the Rowan Odessa, a jack-up drilling vessel owned and operated by Rowan. On 7 November 1995, the first day of his fourteen day schedule, Ainsworth injured himself while re-stringing a crane cable. After completing an incident report on 8 November 1995, Ainsworth was flown to the Brazosport Memorial Hospital and seen by Dr. Jorge Trujillo. During the emergency room examination, Ainsworth said that the lower back pain had resolved itself and that he wanted Dr. Trujillo to examine the pain in his left shoulder and arm. After the doctor diagnosed defendant with muscle strain in his upper back and his left shoulder, Ainsworth returned to the rig where he completed the remainder of his hitch on light duty. During his usual fourteen days off, defendant did not seek any medical atten-

tion. He returned to the Rowan Odessa and completed a fourteen day hitch on full duty. Full duty as a roustabout includes such tasks as off loading boats of heavy cargo and scrubbing the decks.

Ainsworth voluntarily terminated his employment with Rowan in December 1995, choosing to accept employment as a crane operator with Hercules Offshore ("Hercules"). When defendant called Rowan to terminate his employment, he never advised rig superintendent James Alan Chapman that injury was the cause. On the contrary, defendant indicated that he was leaving Rowan because of his employment with Hercules. *See* Plaintiff's Exhibit 2.

When Ainsworth sought employment with Hercules Offshore on 27 December 1995, the personnel manager Al Hebert sent the defendant to Med Staff for a pre-employment physical examination. At Med Staff, defendant completed several questionnaires to which he answered "no" to four inquiries about back injury or pain. *See* Plaintiff's Exhibit 3 & 3–A. When the staff questioned him, he never told them about any back pain. In addition, he underwent physical fitness tests administered by Sandra Eppink, a certified nurse practitioner, and her staff. Ainsworth successfully completed all of the tests including the Lido Lift Test, which tests one's lifting capacity. After the Lido Test showed that Ainsworth was capable of performing "very heavy" manual labor, he began working as a crane operator for Hercules. *See* Plaintiff's Exhibit 3–B. He worked for Hercules for approximately sixteen months without ever seeking medical attention for his back. During this period, Ainsworth also hunted and fished with friends and occasionally rode his jet ski.

On 8 April 1997 Ainsworth skidded in oil on the deck of the Hercules rig. In the Hercules incident report, defendant described his injury as a "pulled muscle in [his] lower back." From the rig, he called his wife and asked her to schedule a doctor's appointment. Thereafter, Ainsworth sought medical attention from Dr. John

Weiss, an orthopedic surgeon, and Dr. John Jackson, a neurological surgeon. The doctors diagnosed him with herniated discs, and he underwent surgery for this condition.

## II. CONCLUSIONS OF LAW

■ The parties stipulated that Ainsworth is a seaman under general maritime law. The issue is whether Rowan owes Ainsworth the obligation of maintenance and cure. Maintenance and cure is an ancient form of liability unique to admiralty law. It is based in neither tort nor strict liability. *See Adams v. Texaco, Inc.,* 640 F.2d 618, 620 (5th Cir.1981). Instead, maintenance and cure arises out of the employment relationship between a seaman and the vessel owner; it is the seaman's right under general maritime law to receive food and lodging and necessary medical expenses if he becomes ill while in service of the vessel. *Calmar S.S. Corp. v. Taylor,* 303 U.S. 525, 527, 58 S.Ct. 651, 652, 82 L.Ed. 993 (1938).

■ The issue of maintenance and cure usually arises in a suit brought by a seaman against his employer. In such a case, the seaman bears the burden of proving that his injury or illness occurred, was aggravated, or manifested itself while in the ship's service. *See Freeman v. Thunder Bay Transportation Co.,* 735 F.Supp. 680, 681 (M.D.La.1990). This suit, however, was brought by Rowan in a declaratory judgment action. In the context of declaratory judgment actions, courts have differed as to whom bears the burden of proof. *See* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* 3d § 2770 (1998). Because Rowan is the party seeking a judgment of no liability based on maintenance and cure, this court holds that Rowan bears the burden of proof. As one court has stated, "There is sound reason for placing the procedural burden of proof on the declaratory plaintiff in most cases despite his role as the real and traditional defendant." *Government Employ-*

*ees Insurance Co. v. LeBleu,* 272 F.Supp. 421, 427 n. 7 (E.D.La.1967). *See also American National Fire Insurance Co. v. Rose Acre Farms, Inc.,* 911 F.Supp. 366, 369 (S.D.Ind.1995); *Continental Insurance Co. v. Beecham, Inc.,* 836 F.Supp. 1027, 1041 (D.N.J.1993); *Spraying Systems Co. v. William G. Smart Co.,* 816 F.Supp. 465, 467 (D.Ill.1993); and *American Indemnity Co. v. Newson,* 79 So.2d 392, 393 (La.App. 2d Cir.1955). After all, it is the declaratory plaintiff who volunteers to bring the case in this forum at this time.

After considering all of the evidence presented at trial, plaintiff has proven its case by a preponderance of the evidence.[1] Ainsworth's present physical condition is not causally related to the 7 November 1995 incident on the Rowan Odessa. Both Dr. Jackson, defendant's own doctor, and Dr. Stephen Wilson, an orthopedic surgeon, testified that it is more likely than not that Ainsworth's current injuries did not result from the incident on the Rowan Odessa. Ainsworth failed to seek medical attention for more than a year after the incident, he worked as a crane operator, he participated in numerous extracurricular activities, and he passed the fitness test administered by Med Staff. These facts do not reflect a serious injury on the Rowan Odessa. Therefore, Rowan owes no obligation of maintenance and cure to defendant.

### III.  *CONCLUSION*

For the foregoing reasons, this court GRANTS declaratory judgment in favor of Rowan. Ainsworth's injuries are not causally related to the Rowan Odessa incident, and Rowan does not owe the obligation of maintenance and cure to the defendant.

---

1.  Plaintiff argued to this court that defendant should retain the burden of proof and that the burden should be "convincing proof of causal connection," citing *Nelsen v. Research Corporation of the University of Hawaii,* 805 F.Supp. 837, 853 (D.Hi.1992). Even if we were to hold that Ainsworth bore the burden of proof, our result would be no different. Defendant has clearly not proven that Rowan owes him the duty of maintenance and cure in this situation. The causal connection between Ainsworth's injuries and the Rowan Odessa incident has not been proven to this court.

Even if this court were to hold that Rowan's burden of proof is "convincing proof" of no causal connection, plaintiff met that burden.